

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00387-CV

_____

JOHN PETER ROBERTSON, III, Appellant

V.

SARAH ANNE ROBERTSON, Appellee

_____

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-698381-21

_____

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION AND JUDGMENT

We have considered "Appellant's Unopposed Motion to Set Aside Default Final Decree of Divorce." In that motion, Appellant represents that the parties have entered into a mediated settlement agreement (MSA), and pursuant to the terms of that MSA, Appellant asks us to set aside the trial court's final divorce decree and to remand the case for entry of a new judgment in conformity with the parties' agreement.[1] Based on this unopposed representation of the terms of the MSA,[2] we are of the opinion that the motion should be granted.

---

[1]Appellant's motion also references the need for "further proceedings" in the trial court. To the extent that Appellant is seeking abatement of the case for further proceedings in addition to seeking vacatur, Texas Rule of Appellate Procedure 42.1(a)(2) does not permit both. *Allen v. Brown*, No. 02-11-00274-CV, 2011 WL 5515465, at *1 n.2 (Tex. App.—Fort Worth Nov. 10, 2011, no pet.) (per curiam) (mem. op.) (recognizing that Rule 42.1(a)(2) "permits us [either] to set aside the trial court[']s judgment and remand the case to the trial court for rendition of judgment in accordance with the agreement *or* to abate the appeal and permit proceedings in the trial court to effectuate the agreement; we cannot do both"); *see* Tex. R. App. P. 42.1(a)(2)(B), (C). Appellant's motion does not indicate which Subsection of Rule 42.1(a)(2) he intends to rely upon, but based on the motion's title and primary request for relief, we interpret the motion as a request to set aside the trial court's judgment under Subsection (B). *Cf. Billy Thomas & Paisano Ready Mix, Inc. v. Reese*, No. 02-18-00338-CV, 2019 WL 984174, at *1 (Tex. App.—Fort Worth Feb. 28, 2019, no pet.) (mem. op.) (resolving motion under Subsection (B) where agreed motion requested relief under Subsections (A) and (B)); *Allen*, 2011 WL 5515465, at *1 n.2 (resolving motion under Subsection (B) where parties requested relief under Subsections (B) and (C)); *Acosta v. Kay*, No. 02-11-00396-CV, 2011 WL 5247880, at *1 & n.2 (Tex. App.—Fort Worth Nov. 3, 2011, no pet.) (per curiam) (mem. op.) (resolving motion under Subsection (B) where joint motion requested relief under Subsections (A), (B), and (C)).

We set aside the trial court's judgment without regard to the merits and remand this case to the trial court for rendition of judgment in accordance with the parties' MSA. Tex. R. App. P. 42.1(a)(2)(B); *see Innovative Off. Sys., Inc. v. Johnson*, 911 S.W.2d 387, 388 (Tex. 1995) (order) (granting agreed motion by setting aside lower courts' judgments and remanding case for judgment in accordance with settlement); *Billy Thomas & Paisano Ready Mix, Inc.*, 2019 WL 984174, at *1 (similar, noting that parties' MSA was not on file with the appellate court).

                                                              Per Curiam

Delivered:  April 21, 2022

---

²Neither party has filed a copy of the MSA in this court.